2000 OK CIV APP 11

**In the Matter of S. B., An Adjudicated Deprived Child;**

**The State of Oklahoma, Petitioner/Appellee,**

v.

**Olin Boswell, Respondent/Appellant.**

**No. 92,738.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 23, 1999.

Holli Pursley, Tahlequah, Oklahoma, For Appellant.

Lawrence L. Langley, Tahlequah, Oklahoma, For Appellee.

**OPINION.**

GARRETT, Judge:

¶ 1 Respondent, Olin Boswell (Appellant), is the natural father of S.B., an adjudicated deprived child. Appellant appeals the order of the trial court terminating his parental rights to S.B.

¶ 2 For reversal, Appellant contends:

1. The trial court erred in proceeding with any type of hearing on the termination of parental rights without definitive proof that Appellant had proper notice.

2. The trial court erred by denying Appellant a trial by jury.

3. Termination of Appellant's parental rights for failure to comply with the treatment plan was not warranted by the evidence and was not proven beyond a reasonable doubt.

¶ 3 S.B. was adjudicated a deprived child on April 15, 1995. Custody of S.B. was placed in the Department of Human Services. Appellee filed an Application to Terminate Parental Rights on December 18, 1998, alleging Appellant's failure to comply with the terms of the third treatment plan ordered by the court. The trial court set the hearing for January 5, 1999. The Certificate of Mailing on the Application to Terminate Parental Rights and the Order for Hearing were signed by Appellee's attorney, the Assistant District Attorney. It recites that Appellant was sent notice by certified mail, receipt requested, postage paid, to the following address:

Olen (sic) Boswell—P.O. Box 1283—Guthrie, OK 73044

The application and notice of the hearing were also sent to Appellant's attorney by certified mail, receipt requested, postage prepaid.

¶ 4 On January 5, 1999, Appellant, through his counsel, requested a jury trial on the issue of termination. The court granted the request and reset the hearing for January 25, 1999. On January 20, 1999, an order was filed setting the jury trial for February 8, 1999.

¶ 5 On February 8, 1999, Appellant was not present at the hearing, but his attorney moved for a continuance due to Appellant's absence. She advised the court Appellant contacted her before the hearing set for January 5, 1999, after he received the application to terminate his parental rights, and asked her to request a jury trial and a continuance, which she did. She also told the court that her secretary had sent a letter to him "this Thursday" (three to four days earlier) at the Guthrie, Oklahoma, address, but she had not heard from him.

■ ¶ 6 The court denied the motion for continuance and proceeded in Appellant's absence with a non-jury trial. No waiver of the right to jury trial appears in the record. We hold the trial court erred by holding a non-jury trial in the absence of Appellant's express waiver of that right. Once a jury trial is requested in a termination case, a voluntary, express waiver by the party must be given; the failure to appear personally does not constitute a waiver where the party's attorney appears. See *In the Matter of N.P. and R.M.*, 1999 OK CIV APP 8, 974 P.2d 187; 12 O.S.1991 § 591. A defendant is entitled to vacation of judgment in a case triable to a jury when the trial court erroneously placed the matter on a non-jury trial docket. *Matter of J.T.*, 1998 OK CIV APP 131, 965 P.2d 1007.

¶ 7 It is unnecessary to consider the remaining arguments of the parties. The judgment is reversed, and this case is remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.

¶ 8 REVERSED AND REMANDED.

¶ 9 JOPLIN, J., and BUETTNER, P.J., concur.